WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Iwuajoku, | No. CV-25-00666-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed the complaint (Doc. 1) on February 27, 2025, such that the deadline to serve Defendants was May 28, 2025. On March 24, 2025, the Court issued an order warning that any Defendants not served by this deadline would be dismissed. (Doc. 4.)

On April 4, 2025, Plaintiff filed a notice "to inform the court that defendant has received through U.S. mail an order of rule of federal court proceeding" and averred that the "certified mail receipt" was attached. (Doc. 5.) Although that filing did not include an attachment, several days later, on April 8, 2025, a certified mail return receipt for a mailing addressed to the "City of Glendale (City Attorney Office)" was docketed as a "NOTICE re: Proof of Service." (Doc. 6.)

Because it appears that Plaintiff has made no effort to serve Defendants Michelle

1  Martinez, Kevin Phelps, and Carla Bastien, those defendants are dismissed without
2  prejudice for failure to serve.

3  As for the City of Glendale, it appears that Plaintiff may have attempted service, although it is not entirely clear what documents were sent, and at any rate, the City of Glendale cannot be served via certified mailing without seeking leave to serve via alternative means.  A "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  Rule 4.1(h)(3) of the Arizona Rules of Civil Procedure specifies that a municipal corporation (a city) may be served "by delivering a copy of the summons and the pleading being served to . . . the clerk of that municipal corporation."  Mailing is not a form of "delivery"—rather, "[s]ervice by mail is an alternative form of service, available in lieu of personal service," such that service by certified mail is not effective "without the court's leave," following a showing "that the other ways of service are impractical."  *Matwyuk v. State*, 2024 WL 3201643, *2 (Ariz. Ct. App. 2024).

Here, Plaintiff has made no showing that delivering the summons and complaint to the clerk of the City of Glendale via a process server has proved impracticable and has not obtained leave to serve by alternative means, *see* Ariz. R. Civ. P. 4(k), and therefore service via certified mail is not a proper service method.

Because Plaintiff is *pro se* and it appears that Plaintiff attempted to serve the City of Glendale, the Court will *sua sponte* extend the deadline to serve the City of Glendale to August 15, 2025.

Accordingly,

**IT IS ORDERED** that Defendants Michelle Martinez, Kevin Phelps, and Carla Bastien are dismissed without prejudice for failure to serve.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to serve the City of

Glendale is extended to August 15, 2025.

**IT IS FURTHER ORDERED** that if Plaintiff fails to serve the City of Glendale by August 15, 2025, the Clerk of Court shall dismiss the City of Glendale without further notice and terminate this case.

Dated this 15th day of July, 2025.

Dominic W. Lanza
United States District Judge